**Kenneth O. CARLSON, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. A–346.**

Court of Appeals of Alaska.

March 1, 1985.

---

John Hagey, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Carol Greenberg, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Kenneth O. Carlson was convicted of one count of first-degree sexual assault. Former AS 11.41.410(a)(4). Superior Court Judge Warren W. Taylor sentenced Carlson to ten years' imprisonment with two years suspended. Carlson appeals, contending that the sentence is excessive.

■ Upon review of the record we conclude that Judge Taylor did not err in deciding to reject Carlson's two proposed mitigating factors (least serious conduct, AS 12.55.155(d)(9), and consistently minor harm, AS 12.55.155(d)(13)). *See Juneby v. State,* 641 P.2d 823, 839–46 (Alaska App. 1982), *modified on other grounds,* 665 P.2d 30 (Alaska App.1983).

■ We further conclude that Judge Taylor did err in adjusting Carlson's presumptive term based on two aggravating factors (victim particularly vulnerable due to extreme youth, AS 12.55.155(c)(5), and victim a member of the social unit living in the same dwelling as the defendant, AS 12.55.155(c)(18)). We hold, initially, that the victim, who was fourteen years old, was not rendered particularly vulnerable due to extreme youth.

Additionally, we hold that, under the circumstances of this case, the fact that the victim lived with Carlson at the time of the offense did not justify an actual increase in the presumptive term. Although the aggravating factor was unquestionably established by clear and convincing evidence, this factor will be present in most cases where, as in Carlson's case, first-degree sexual assault is charged under former AS 11.41.410(a)(4) (proscribing sexual penetration with a child under eighteen years of age when the child is the son, daughter, or stepchild of the defendant or is in the defendant's legal custody).[1] To permit an actual increase of the presumptive term in this case based solely on the victim's residence in Carlson's home would in effect mean that upward adjustment of presumptive terms would be justified as a routine matter in the vast majority of cases charged under former AS 11.41.410(a)(4).

This result would be anomalous, since statutorily prescribed presumptive sentences are meant to apply to typical cases. Upward or downward adjustment of a presumptive sentence is intended to be appropriate only when statutory factors provide a realistic indication that a case is uncharacteristically aggravated or mitigated. *See Juneby v. State,* 641 P.2d at 832–33. In the present case, the fact that Carlson's victim was a member of his family is typical of the specific crime for which he was convicted and therefore did not warrant an increase in the presumptive term.[2]

The sentence is REVERSED. The case is REMANDED with directions to enter an amended judgment imposing a presumptive term of eight years' imprisonment, in conformity with AS 12.55.125(i)(1).

1. *Cf.* AS 12.55.155(e) (prohibiting consideration of conduct as an aggravating factor if the conduct is an essential element of the offense for which the accused was convicted). Although this provision is not directly applicable, we believe its underlying rationale is relevant and supports our conclusion.

2. Our holding on this issue applies only to cases specifically prosecuted under former AS 11.41.-410(a)(4). We do not imply that AS 12.55.-155(c)(18) should not be relied upon to adjust presumptive sentences in first-degree sexual assault cases prosecuted under a different subsection of AS 11.41.410(a).